**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**MARILYN ROSA, et als.,**
    **Plaintiffs**,

**CIVIL NO. 02-2350 (DRD)**

    v.

**HOSPITAL AUXILIO MUTUO,
DE PUERTO RICO, INC., et al.,**
    **Defendants**.

**JUDGMENT**

On March 16, 2005, plaintiffs filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code before the United States Bankruptcy Court for the District of New Jersey, case no. 05-17980. As noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). Moreover, the First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Investments v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996).

Further, it is known that "[E]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district". 28 U.S.C. §157(a). Consequently, "[B]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title". 28 U.S.C. §157(b)(1). Finally, it is known that core proceedings include "... proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims". 28 U.S.C. §(b)(2)(O). Therefore, the Court deems appropriate for the Chapter 7 Trustee to determine whether the instant claim is a core proceeding which shall be entertained concurrently with the pending Bankruptcy proceedings at the United States Bankruptcy Court for the District of New Jersey.

In view of the pending bankruptcy action and the uncertainty and length of said proceedings, the above captioned complaint is hereby **DISMISSED WITHOUT PREJUDICE.** This dismissal will not affect in any manner plaintiffs' pending claims against defendants. This case is being handled as a diverse jurisdiction case and under local law all the time this case is pending, the statute of limitations is effectively tolled. Fernandez v. Chardon, 681 F.2d 42, 49 (1st Cir. 1982)(citations omitted). The debtor/plaintiff may proceed to see the instant case in the Bankruptcy Court or upon the conclusion of the bankruptcy proceedings, or the lifting of the stay, plaintiffs may file a petition to reinstate the proceedings in this case. Plaintiffs' petition for reinstatement shall not be deemed as a new filing. Colon Prieto v. Geigel, 111 D.P.R. 232 (1984). Rather, their petition will be effective *nunc pro tunc* to the date of the original filing. Judgment is hereby entered accordingly. **THIS CASE IS CLOSED FOR ALL ADMINISTRATIVE PURPOSES.** Motions at Docket Entry Nos. 103 and 109 are hereby **DENIED**.

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 26th day of May, 2005.

                    **S/DANIEL R. DOMINGUEZ
                    DANIEL R. DOMINGUEZ
                    U.S. DISTRICT JUDGE**