IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARILYN ROSA, et als.,
Plaintiffs,

v.

CIVIL NO. 02-2350 (DRD)

HOSPITAL AUXILIO MUTUO,
DE PUERTO RICO, INC, et al.,
Defendants.

## ORDER

Pending before the Court is plaintiffs' *Request for Order that the Defendants Pay the Expert Witness Deposition Fees and Costs Incurred During the Deposition of Dr. José A. Berríos* and the attached *Bill of Costs*. (Docket No. 115).

On February 8, 2005, Dr. José Alberto Berríos, plaintiffs' expert witness, rendered his final expert witness report within the deadline provided by the Court. However, for plaintiffs to produce said expert report, plaintiffs had previously requested the defendants the transcription of some illegible notes relating to plaintiffs' medical record. All of the transcriptions except that of Dr. Eugenio Portela, were delivered to plaintiffs after February 8, 2005, the deadline imposed by the Court for submitting the final expert witness report. For this reason plaintiffs' final expert report had to be submitted without the benefit of the aforementioned transcriptions. On April 23rd, 2005 Dr. Berríos went to the defendants' counsel office for his deposition, and during *voir dire* the defense cancelled and walked out of the deposition because, allegedly, Dr. Berríos was unprepared for said deposition. Defendants alleged that Dr. Berríos had not reviewed the transcriptions provided of the illegible material, therefore the deposition could not be taken. The plaintiff sustains that prior to commencement of the deposition, defendants had not prepaid the stipulated expert fees and traveling expenses for Dr. Berrios except for codefendant, Dr. Eugenio Portela, who had paid $780.00 for his portion of the costs related to the expert's deposition.

On April 27, 2005, this Court issued an Order in which it expressed it was "surprised with counsel for defendants walking away from the deposition ... [and that it was] disappointed by the conduct displayed by defendants' counsel without making any attempt whatsoever to mitigate the apparent impasse." (Docket No. 89). In its Order, the Court deemed the defendants had acted with unclean hands because: 1) the transcripts were not provided within reasonable time in advance to the deposition to allow the expert to be prepared; 2) some of the transcripts were not adequately cross referenced; 3) alternatives to depose the witness were provided in good faith by the plaintiffs; 4) expert fees were not timely paid. (Docket No. 89).

Plaintiffs' instant motion request from defendants to pay the expert fees and reasonable traveling costs owed to Dr. Berríos pursuant to Rule 26(b)(4)(C)(i), Fed.R.Civ.P., 28 U.S.C. The defendants counter moving the Court not to impose the payment of the expert fees. Defendants sustain that fees should not be imposed upon them nor paid because said expert was not prepared

1

for the deposition.  On April 27, 2005, this Court  referred the matter to Magistrate Judge Gustavo A. Gelpi for R & R resolution.  (Docket No. 88).

After examining the arguments for all parties, and in accordance with Rule 26(b)(4)(C)(i), the honorable Magistrate Judge Gustavo A. Gelpi ordered plaintiffs to submit a Bill of Costs relating to Dr. Berrios' fees and costs as expert witness.  (Docket No. 102).  On June 8th, 2005, plaintiffs complied with the Magistrate Judge's Order and filed the instant *Bill of Costs*, showing the outstanding amount of $2,202.80.  (Docket No. 115).

In its relevant section, Rule 26(b)(4)(C) provides that:

(4) Trial Preparation: Experts.

(A) ...

(B) ...

(C) Unless manifest injustice would result, (i) **the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision**; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Rule 26 is crystal clear as to allow a party to depose any expert witness, but the deposing party is required to pay the expert reasonable fees and expenses incurred in responding to discovery. Consequently, Rule 26 imposes the burden to pay expert fees and reasonable travel expenses incurred in taking expert's deposition upon deposing parties.  Hence the Court deems that plaintiffs' *Bill of Costs* is *prima facie* warranted.  (Docket No. 115).

On May 17, 2005, plaintiffs' counsel notified the Court that it had filed a Voluntary Petition of Bankruptcy under Chapter 7 of the U.S. Bankruptcy Code at the U.S. Bankruptcy Court for the District of New Jersey, Case No. 05-17980.  Consequently, plaintiffs' counsel requested a temporary stay of the proceedings.  (Docket No. 103).  The Court deemed that due to the pending bankruptcy action and the uncertainty and length of said proceedings, dismissal without prejudice was warranted.  Furthermore, plaintiffs were advised that the instant case could proceed before the Bankruptcy Court or that upon the conclusion of the bankruptcy proceeding, plaintiffs could reinstate the proceedings in this case at this District Court.  (Docket No. 112).

As a preliminary matter the Court must determine whether the expert fees owed by the defendants shall be paid directly to the expert or to plaintiffs.  If the latter is the case, the instant matter must be referred to the U.S. Bankruptcy Court for the District of New Jersey to entertain this matter since the fees owed belong to the plaintiffs' assets.

The Court of Appeals for the First Circuit has stated that even if a witness is going to testify for the opposing party during trial:

2

It [is] defendant, however, who took their depositions. While it did so, no doubt, because of their anticipated trial testimony for plaintiff, **they were not then plaintiff's witnesses at that time, but were called by defendant, and defendant, not plaintiff, is the one under whatever may be the obligation**. Fed.R.Civ.P. 26(b)(4)(C)(i). **In this event, it is not plaintiff's costs.**  (Emphasis ours.)

Bosse v. Litton, 646 F.2d 689, at 695 ( 1ST Cir. 1981).  The Court has stated clearly that the witness is testifying for the deposing party, and thus, that party is responsible for the expert fees.  The Fifth Circuit Court of Appeals expressed that Rule 26(b)(4)(C)  "[p]rovides an independent basis for recovery of expert fees of discovery."  Louisiana Power v. Kellstrom, 50 F.3d 319 (5TH Cir. 1995). This means that expert fees are separate from the costs incurred during trial that are recoverable by the prevailing party.  In Chambers v. Ingram, 858 F.2d 351 (7TH Cir. 1988) discussing Rule 26(b)(4)(C), the Court concluded that "[t]he parties shall bear their own costs."

In conclusion, as reviewed, the First Circuit's caselaw has consistently reiterated the proposition that the fees and costs incurred by a party deposing an expert witness are owed directly to the expert and do not belong to the plaintiffs hence an individual plaintiff cannot claim that said amount shall be paid directly to plaintiff.  Therefore, expert witness' deposition costs do not become part of plaintiffs' assets hence are payable directly by defendants to plaintiffs' expert witness, to wit, Dr. Berríos.  The Court notes, as plaintiffs have stated, that Dr. Eugenio Portela has already paid his share of the stipulated expert fees and traveling costs.

Therefore, the Court **GRANTS** plaintiffs' *Request for Order that the Defendants Pay the Expert Witness Deposition Fees and Costs Incurred During the Deposition of Dr. José A. Berríos* and the attached *Bill of Costs* (Docket No. 115) and hereby **ORDERS** all co-defendants other than Dr. Eugenio Portela, to pay **FORTHWITH** the amount of $2,002.80 owed to Dr. Jose A. Berríos as expert fees and traveling expenses.  **Failure to pay within ten (10) days shall be sanctioned under potential civil contempt and further arrears shall be treated more severally.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this day 12TH day of August 2005

**S/ DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

3